# EXHIBIT 4

Title: LOAN MODIFICATION AGREEMENT (DEED OF TRUST)

This Document Prepared By:
**CRYSTAL RADTKE**
**ROCKET MORTGAGE, LLC**
**635 WOODWARD AVE**
**DETROIT, MI 48226**
**(888) 663-7374**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO.**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA 92707-9991**

Tax/Parcel #: 580554

_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| **Original Principal Amount: $345,035.00** | **FHA\VA Case No.:513-103257 3** |
| **Unpaid Principal Amount: $253,499.84** | **703** |
| **New Principal Amount: $290,680.63** | **Loan No:** ███ |

# LOAN MODIFICATION AGREEMENT (DEED OF TRUST)

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE**

Title: LOAN MODIFICATION AGREEMENT (DEED OF TRUST)

**PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

This Loan Modification Agreement ("Agreement"), made this **26TH** day of **NOVEMBER, 2021**, between **SHAMEELA ROME, AN UNMARRIED WOMAN** ("Borrower"), whose address is **1309 BARRIER ISLAND DR, AUBREY, TX 76227** and **ROCKET MORTGAGE, LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC.** ("Lender"), whose address is **635 WOODWARD AVE, DETROIT, MI 48226**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **MARCH 27, 2017** and recorded on **MARCH 30, 2017** in **INSTRUMENT NO. 36807**, of the **OFFICIAL** Records of **DENTON COUNTY, TEXAS**, and (2) the Note **bearing the same date as**, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**1309 BARRIER ISLAND DR, AUBREY, TEXAS 76227**
(Property Address)
the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

**SEE ATTACHED EXHIBIT "B" FOR MORTGAGE SCHEDULE**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **DECEMBER 1, 2021** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$290,680.63**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, in the amount of U.S. **$37,180.79**.

HUD-HAMP 11162021_356

Page 2

19

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **2.7500%**, from **DECEMBER 1, 2021**. The Borrower promises to make monthly payments of principal and interest of U.S. $ **1,186.68**, beginning on the **1ST** day of **JANUARY, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **DECEMBER 1, 2051** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying**

**debt.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, I have executed this Agreement.

_____    _____
**Borrower: SHAMEELA ROME**                                              **Date**

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of **TEXAS**

County of _____

This instrument was acknowledged before me, _____ on this day personally appeared **SHAMEELA ROME** known to me, _____ proved to me through _____ (description of Identify Card or Document) to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.
_____ This notarial act was an online notarization using communication technology

Given under my hand and seal of office this _____ day of _____ (month), _____ (year)


_____
Notary Public's Signature

Printed Name: _____

HUD-HAMP 11162021_356

Page 5

19

In Witness Whereof, the Lender has executed this Agreement.

**ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC., BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FACT**

By _____  (print name)  _____ Date
                                              (title)

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

STATE OF CALIFORNIA

COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this _____

by _____, the _____ of **ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC., BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FACT**, a company, on behalf of said company.

_____
Notary Public

Printed Name: _____

My commission expires: _____

**Drafted By:**
ROCKET MORTGAGE, LLC
635 WOODWARD AVE
DETROIT, MI 48226

# EXHIBIT A

**BORROWER(S): SHAMEELA ROME, AN UNMARRIED WOMAN**

**LOAN NUMBER:** ▉▉▉▉▉▉

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the CITY OF AUBREY, COUNTY OF DENTON, STATE OF TX, and described as follows:

LOT 7, BLOCK 59 OF OGLETHORPE VILLAGE AT SAVANNAH PHASE 8B, AN ADDITION TO DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED UNDER COUNTY CLERK'S FILE NO. 2013-228, PLAT RECORDS OF DENTON COUNTY, TEXAS.

ALSO KNOWN AS: 1309 BARRIER ISLAND DR, AUBREY, TEXAS 76227

## EXHIBIT B
## MORTGAGE SCHEDULE

Mortgage made by **SHAMEELA ROME, AN UNMARRIED WOMAN** made to for **$345,035.00** and interest, dated **MARCH 27, 2017** and recorded on **MARCH 30, 2017** in **INSTRUMENT NO. 36807**.

This mortgage was assigned from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS** (assignor), made to **QUICKEN LOANS INC.** (assignee), by assignment of mortgage dated **SEPTEMBER 28, 2019** and recorded on **OCTOBER 7, 2019** in **INSTRUMENT NO. 2019126357**.

Loan Modification Agreement made by **SHAMEELA ROME** made to **QUICKEN LOANS INC.** dated **OCTOBER 9, 2019** and recorded on **NOVEMBER 13, 2019** in **INSTRUMENT NO. 2019144941**. Modified amount is now **$254,266.97**. Mortgage tax paid: **$0.00**.

## Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **ROCKET MORTGAGE, LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC.** (the "Lender") and **SHAMEELA ROME, AN UNMARRIED WOMAN** (the "Borrower") dated **NOVEMBER 26, 2021** (the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. If the Borrower was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents, based on this representation, Lender agrees that Borrower will not have personal liability on the debt pursuant to this Agreement. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

_____     _____
Lender Signature                                    Date
By:
Title:

_____     _____
Borrower: **SHAMEELA ROME**                          Date

HUD-HAMP 11162021_356                                                    19

Date: **NOVEMBER 26, 2021**
Loan Number: ▮▮▮▮▮▮▮▮
Lender: **ROCKET MORTGAGE, LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC.**

Borrower: **SHAMEELA ROME**

Property Address: **1309 BARRIER ISLAND DR, AUBREY, TEXAS 76227**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____
Borrower                                                                                                                                  Date
**SHAMEELA ROME**

11162021_356                                                                                                        19 ▮▮▮▮

Date: **NOVEMBER 26, 2021**
Loan Number:
Lender: **ROCKET MORTGAGE, LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC.**

Borrower: **SHAMEELA ROME**

Property Address: **1309 BARRIER ISLAND DR, AUBREY, TEXAS 76227**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **ROCKET MORTGAGE, LLC, F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC.**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____
**SHAMEELA ROME**                                                            Date

11162021_356

19

Lender: **ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC., BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FACT**

Loan Number: █████
Loan Amount: **$290,680.63**

Borrower: **SHAMEELA ROME**
Address: **1309 BARRIER ISLAND DR, AUBREY, TEXAS 76227**

## TEXAS LOAN AGREEMENT NOTICE

Section 26.02(b) of the Texas Business and Commerce Code provides as follows:

> A Loan agreement in which the amount involved in the Loan agreement exceeds $50,000.00 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.

You are hereby notified that:

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN PARTIES.**

**LENDER: ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC., BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FACT**

By: _____          Date: _____

Borrower: **SHAMEELA ROME**                  Date: _____

19